PER CURIAM.
¶1 Louis Ambrosia appeals from a judgment of divorce from Elizabeth L. Ambrosia. He challenges both the circuit court's finding of non-marital property and award of maintenance. For the reasons that follow, we affirm.
¶2 Louis and Elizabeth Ambrosia were married in 1994. It was the second marriage for each party, who were both over the age of 45 at the time. The marriage lasted for twenty-two years until a divorce action was commenced in 2016.
¶3 At the time of the divorce action, both parties were retired and disabled. Louis received a monthly income of $4140.57 from military disability pay and social security. Elizabeth, meanwhile, received a monthly income of $786 from social security.
¶4 One of the parties' largest assets was $85,000 in cashiers' checks held by Elizabeth. Elizabeth claimed that the $85,000 was the result of gifts and inheritances she had received from family members. She asked that it be considered non-marital property and awarded to her.
¶5 Following a hearing on the matter, the circuit court found the $85,000 in cashiers' checks to be non-marital property and awarded it to Elizabeth. The court also awarded her indefinite maintenance in the amount of $1400 per month. This appeal follows.
¶6 The division of property and the award of maintenance rest within the sound discretion of the circuit court. LeMere v. LeMere , 2003 WI 67, ¶ 13, 262 Wis. 2d 426, 663 N.W.2d 789. We will sustain a discretionary decision if the court examined the relevant facts, applied a proper standard of law, and using a demonstrated rational process, reached a reasonable conclusion. Liddle v. Liddle , 140 Wis. 2d 132, 136, 410 N.W.2d 196 (Ct. App. 1987). We generally look for reasons to sustain the court's discretionary decision. See Steiner v. Steiner , 2004 WI App 169, ¶ 18, 276 Wis. 2d 290, 687 N.W.2d 740.
¶7 On appeal, Louis first challenges the circuit court's finding of non-marital property. Specifically, he contends that Elizabeth failed to prove that the $85,000 in cashiers' checks was the result of gifts and inheritances and not subject to division.
¶8 Pursuant to WIS. STAT. § 767.61(2)(a) (2015-16),[1] property that a spouse acquired as a gift from a third party or by inheritance is not subject to division at divorce. The burden of proving that property is not divisible lies with the party seeking to exempt the property from division. Wright v. Wright , 2008 WI App 21, ¶ 12, 307 Wis. 2d 156, 747 N.W.2d 690.
¶9 Here, Elizabeth testified that she received gifted money and over $124,000 in inheritance during the course of her marriage to Louis. She further testified that she and Louis kept separate bank accounts and that she deposited most of her gifted and inherited money into her own money market account before later withdrawing it for various expenses and cashiers' checks. Elizabeth produced receipts of inherited funds and bank account statements to support portions of her testimony.
¶10 The circuit court found that Elizabeth met her burden of proving that the disputed property was not subject to division. The court acknowledged that the record was "a mess" due to Elizabeth's actions of withdrawing the money and potentially commingling it with other marital funds. Nevertheless, it determined that the $85,000 in cashiers' checks was "such a large chunk of money" to the parties that it had to have come from Elizabeth's gifts and inheritances. On this record, we are satisfied that the court properly exercised its discretion in awarding the property to Elizabeth.
¶11 Louis next challenges the circuit court's award of maintenance to Elizabeth. He submits that the award was inappropriate in light of the above finding of non-marital property.
¶12 Upon a judgment of divorce, "the court may grant an order requiring maintenance payments to either party for a limited or indefinite length of time after considering" the factors listed in WIS. STAT. § 767.56(1c).[2] Here, the court considered those factors, finding the most relevant ones to be the length of the marriage, the age and health of the parties, the earning capacity of Elizabeth, and the feasibility that she could become self-supporting. The court determined that Elizabeth did not have an ability to earn a supporting wage due to her age, poor physical health,[3] and lack of education/training. The court compared her monthly income of $786 with Louis' monthly income of $4140.57 and concluded that maintenance was warranted. Accordingly, it awarded Elizabeth indefinite maintenance in the amount of $1400 per month.
¶13 Louis contends that maintenance is unnecessary due to the non-marital property awarded to Elizabeth. However, this argument ignores what the circuit court acknowledged in its decision. While Elizabeth received $85,000 in cashiers' checks, much of it will be used to help her live in the marital home. The court gave Elizabeth priority in buying out Louis' interest in the home because it believed Elizabeth's testimony that she was unable to find another place to live that would accommodate her medical needs. This meant that Elizabeth needed to pay Louis approximately $77,500. The court's decision to give Elizabeth priority in buying out Louis' interest was reasonable as was its recognition that she needed additional support to maintain the home and survive. Again, on this record, we are satisfied that the court properly exercised its discretion in awarding maintenance to Elizabeth.
¶14 For these reasons, we affirm the judgment of the circuit court.[4]
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version.

The factors enumerated in Wis. Stat. § 767.56(1c) are:
(a) The length of the marriage.
(b) The age and physical and emotional health of the parties.
(c) The division of property made under [ Wis. Stat. §] 767.61.
(d) The educational level of each party at the time of marriage and at the time the action is commenced.
(e) The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, custodial responsibilities for children and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.
(f) The feasibility that the party seeking maintenance can become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and, if so, the length of time necessary to achieve this goal.
(g) The tax consequences to each party.
(h) Any mutual agreement made by the parties before or during the marriage, according to the terms of which one party has made financial or service contributions to the other with the expectation of reciprocation or other compensation in the future, if the repayment has not been made, or any mutual agreement made by the parties before or during the marriage concerning any arrangement for the financial support of the parties.
(i) The contribution by one party to the education, training or increased earning power of the other.
(j) Such other factors as the court may in each individual case determine to be relevant.

Elizabeth had had a number of surgeries, a cancer diagnosis, and her bowel was removed. She testified to having a shortened life expectancy of approximately three years.

To the extent we have not addressed an argument raised by Louis on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).